**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANTONIO CUSHINGBERRY, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CITY OF INDIANAPOLIS, et al., )<br>)<br>Defendants. ) | No. 1:06-cv-1497-DFH-TAB |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.   The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

2.   The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

   a.   Applying the foregoing standard, it appears that the complaint in this case asserts the same claims which were resolved on the merits in *Cushingberry v. City of Indianapolis, et al.,* No. 1:03-cv-686-LJM-WTL (S.D.Ind. June 30, 2004). In the earlier case, as in this case, the plaintiff claims that rights secured to him by the Fourth Amendment were violated during his detention, search and arrest at a "Snack-Snack" in Indianapolis on July 9, 2002. There is an identity of parties and of issues between the present case and those in No. 1:03-cv-686-LJM-WTL. The earlier case was resolved in this court, a court of competent jurisdiction to adjudicate claims brought pursuant to 42 U.S.C. § 1983, through the entry of summary judgment for the defendants and against the plaintiff. These features of the prior case, of which the court may take judicial notice, *In re Salem,* 2006 WL 2864049 (7th Cir. October 10, 2006), establish the elements of *res judicata. Allen v. McCurry,* 449 U.S. 90, 94 (1980)(*res judicata* or claim preclusion ensures "a final judgment on

the merits of an action [and] precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."); *Montana v. United States,* 440 U.S. 147, 153 (1979)("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies."); *Perez v. Hendrix,* 2005 WL 1798386, *3 (E.D.N.Y. July 15, 2005)(dismissing action pursuant to § 1915A(b) where claims precluded by collateral estoppel or *res judicata*).

b.   Even if *res judicata* did not prevent the plaintiff from proceeding on the claims in this case, moreover, his complaint shows on its face that it was filed years after the expiration of Indiana's 2-year statute of limitations. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)); *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005).[1] "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted). When a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993).

3.   Based on the circumstances described in paragraph 2 of this Entry, the plaintiff's **complaint is dismissed** for failure to state a claim upon which relief can be granted. He shall have **through December 1, 2006,** in which to **show cause** why final judgment dismissing this action should not be entered consistent with the foregoing.

4.   The plaintiff's motion for appointment of counsel and his request for service of process are each **denied as moot.**

---

[1] Several courts of appeals have held that dismissal under 28 U.S.C. § 1915(d)–the predecessor of § 1915A(b)--before service of process may be appropriate when it is apparent from the face of a complaint that an affirmative defense, which could be waived by defendants, will defeat plaintiff's claim. *See Street v. Vose,* 936 F.2d 38, 39 (1st Cir. 1991); *Clark v. Georgia Pardons & Paroles Board,* 915 F.2d 636, 640 (11th Cir. 1990); *Yellen v. Cooper,* 828 F.2d 1471, 1476 (10th Cir. 1987); *Todd v. Baskerville,* 712 F.2d 70, 74 (4th Cir. 1983). *Accord: Yellen v. Cooper,* 828 F.2d 1471, 1476 (10th Cir. 1987) ("[T]he policy underlying Rule 8(c), affording the plaintiff adequate notice of unanticipated defenses, is not violated when the plaintiff's *in forma pauperis* complaint itself sets out facts plainly demonstrating the affirmative defense."). Consideration of affirmative defenses in this context has also been considered valid by our Court of Appeals, such as where judicial or prosecutorial immunity has been found to be a dispositive factor in assessing a complaint under § 1915(d). *Williams v. Goldsmith,* 701 F.2d 603 (7th Cir. 1983).

5. In order that the plaintiff may be fully informed concerning the description of the prior litigation in paragraph 2.a. of this Entry, the clerk shall include with a copy of this Entry, a copy of the Entry and Judgment granting the defendants' motion for summary judgment in *Cushingberry v. City of Indianapolis, et al.,* No. 1:03-cv-686-LJM-WTL (S.D.Ind. June 30, 2004).

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:   11/1/2006

Distribution:

Antonio Cushingberry   DOC #913541
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.